# UNITED STATES DISTRICT COURT

for the
## SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| Richard N. Bell | ) |
| | ) |
| | ) |
| Plaintiff | ) |
| v. | ) |
| | ) |
| | ) **Cause Action No.: 1:13-cv-35** |
| Jerry Gordon, | ) |
| Demand Media, Inc. | ) |
| Bryce Welker | ) |
| ROYAL CORNICHE TRAVEL Ltd. | ) |
| VRBO.com, Inc. | ) |
| Experience Credit Unions, LLC | ) |
| JACLOTHING.COM | ) |
| Glacier International | ) |
| ABNHOTELS.COM | ) |
| 1&1 Internet, Inc. | ) |
| Conde Nast Digital | ) |
| FLIXSTER, INC. | ) |
| FINANCING-USA.COM | ) |
| SodaHead, Inc. | ) |
| NuMedia Marketing, Inc., | ) |
| Jynell Berkshire | ) |
| Tzvetelin Petrov | ) |
| Los Pentecostales del Area de la Bahia | ) |
| 10Best, Inc. | ) |
| Keyes Outdoor Advertising | ) |
| Zoom Communications Inc. | ) |
| Christine Nevogt | ) |
| ZARZAR, INC | ) |
| Hydro-Gear | ) |
| Tam T Dang | ) |
| Lon Dunn | ) |
| William  McLaws, trustee | ) |
| Natl-electronic Residential Payment | ) **COMPLAINT** |
| History Recording   Agency | ) |
| CVI | ) |
| Constant Contact, Inc. | ) |

Charles Lantz                                              )
Schumacher Cargo Logistics                                )
Eventbrite, Inc.                                          )
Celebrity Entertainment Corp                              )
Association of Equipment Manufacturers                    )
Yardi Systems Inc.                                        )
diamondindylimo.com                                       )
Marcelo Santos                                            )
National Rural Recruitment & Retention Network            )
ANBRITT STENGELE                                          )
Pinnacle Sports Equipment, Inc.                           )
Marygrove College                                         )
RUNANYCITY.COM                                            )
Buzzle.com, Inc.                                          )
Charles Onuska                                            )
University of Indianapolis                                )
PERSEPHONEMAGAZINE.COM                                    )
                                                          )
      Defendants                                          )

## COMPLAINT
### Summary of lawsuit

1.     The Plaintiff took photograph of the Indianapolis Skyline in 2000 and the "Indianapolis photo" was registered with the U.S. Copyright office. In 2102, the Plaintiff discovered that each defendant had published the "Indianapolis photo" on a website they created even though no defendant had the rights or authority to publish same. The Plaintiff requests damages and injunctive relief against Defendants for violations of the U.S. Copyright laws and conversion under the Indiana statutes.

2

## *JURISDICTION AND VENUE*

2.      This copyright infringement action arises under 17 U.S.C. § 101 et seq. This Court has jurisdiction over this action under 28 U.S.C. § 1331 (federal question), and 28 U.S.C. § 1338 (acts of Congress related to copyright). The Court also has discretionary jurisdiction over Count II.

3.      This Court has personal jurisdiction over the all the Defendants by virtue of their transacting, doing, and soliciting business in this District, and because a substantial part of the relevant events occurred in this District and because a substantial part of the property that is the subject of this action is situated here.

4.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and 1400(a) because the named plaintiff resides in this district and because a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; and/or conduct business in this district.

## *PARTIES*

5.      The Plaintiff, Richard N. Bell is an attorney and a professional photographer and lives in Mc Cordsville, Indiana.

6.      Defendant, Jerry Gordon, located in Indianapolis, IN created and operates a website with the domain name of jerrygordonrealestate.com and conducts business in this district.

7.      Defendant, Demand Media, Inc., located in Kirkland, WA, created and operates a website with the domain name of ehow.com and conducts business in this district and conducts business in this district.

8.      Defendant, Bryce Welker, located in San Diego, California created and operates a website with the domain name of. CRUSHTHECPAEXAM.COM and conducts business in this district.

9.      Defendant, ROYAL CORNICHE TRAVEL Ltd. of Wan Chai, Hong Kong created and operates a website with the domain name of ROYAL-CORNICHE.COM and conducts business in this district.

10.     Defendant, Experience Credit Unions, LLC, of Ohio, created and operates a website with the domain name of experiencecreditunions.com and conducts business in this district.

11.     Defendant, JACLOTHING.COM, located in Toronto, Ontario, Canada created and operates a website with the domain name of JACLOTHING.COM and conducts business in this district.

4

12.     Defendant, Glacier International, is an organization located in Chicago, IL, created and operates a website with the domain name of glacierpropertygroup.com and conducts business in this district.

13.     Defendant, ABNHOTELS.COM located in Bangkok, Thailand, created and operates a website with the domain name of abnhotels.com and conducts business in this district.

14.     Defendant, 1&1 Internet, Inc., located in Chesterbrook, PA, created and operates websites with the domain names of playtagwithus.com and asquaredgames.com. 1&1 Internet, Inc. conducts business in this district.

15.     Defendant, Conde Nast Digital, located in New York N.Y., created and operates a website with the domain name of hotelchatter.com and conducts business in this district.

16.     Defendant, FLIXSTER, INC., located in San Francisco, CA created and operates a website with the domain name of rottentomatoes.com and conducts business in this district.

17.     Defendant, FINANCING-USA.COM, is registered in Scottsdale, AZ, created and operates a website with the domain name of FINANCING-USA.COM and conducts business in this district.

18.     Defendant, SodaHead, Inc. located in Encino, CA operates a website entitled sodahead.com and conducts business in this district.

19.     Defendant, NuMedia Marketing, Inc., located in Avon, IN, operates a website entitled pinpointperks.com and conducts business in this district.

20.     Defendant, Jynell Berkshire of Indianapolis, IN created and operates a website entitled CAPITOLCITYPROPERTIES.NET and conducts business in this district.

21.     Defendant, Tzvetelin Petrov, is resides in Santa Monica, CA, created and operates a website with the domain name of GETHOLISTICHEALTH.COM and conducts business in this district.

22.     Defendant, Los Pentecostales del Area de la Bahia, located in Pittsburg, California, created and operated a website entitled PENTECOSTALES.ORG and conducts business in this district.

23.     Defendant, 10Best, Inc. located in San Francisco, California, created and operated a website entitled 10best.com and conducts business in this district.

24.     Defendant, Keyes Outdoor Advertising, of Noblesville, IN created and operates a website with the domain name of keyesoutdoor.com and conducts business in this district.

6

25.    Defendant, Zoom Communications Inc. located in Santa Ana, California created and operates a website with the domain name of iphonetixx.com and conducts business in this district.

26.    Defendant, Christine Nevogt, of Mc Cordsville, Indiana, created and operates a website with the domain name of NOHASSLEHOMESINDY.COM and conducts business in this district.

27.    Defendant, ZARZAR, INC. located in San Diego, CA created and operates a website with the domain name of ZARZARLAND.COM and conducts business in this district.

28.    Defendant, Hydro-Gear, of Sullivan, IL, created and operates a website with the domain name of HYDRO-GEAR.COM and conducts business in this district.

29.    Defendant, Tam T Dang, located in Garland, TX, created and operates a website with the domain name of duhochoaky.com and conducts business in this district.

30.    Defendant, Lon Dunn, located in Annandale, Virginia, created and operates a website with the domain name of SOCIALININDY.COM and conducts business in this district.

31.    Defendant, William  McLaws, trustee, located in Vancouver, BC, Canada, created and operates a website with the domain name of BUDGETHOTELS.COM and conducts business in this district.

32.    Defendant, Natl-electronic Residential Payment History Recording Agency, located in University Park, IL, created and operates a website with the domain name of landlordbureau.com and conducts business in this district.

33.    Defendant, CVI, located in Kaysville, UT, created and operates a website with the domain name of nascarwidows.com and conducts business in this district.

34.    Defendant,  Constant Contact, Inc., located in Waltham, MA, created and operates a website with the domain name of constantcontact.com and conducts business in this district.

35.    Defendant, Charles Lantz, located in Indianapolis, IN, created and operates a website with the domain name of lantzusa.com and conducts business in this district.

36.    Defendant, Schumacher Cargo Logistics, located in GARDENA, CA, created and operates a website with the domain name of SCHUMACHERCARGO.COM and conducts business in this district.

37.   Defendant, Eventbrite, Inc. located in San Francisco, CA, created and operates a website with the domain name of eventbrite.com and conducts business in this district.

38.   Defendant, Celebrity Entertainment Corp, located in Malverne, New York, created and operates a website with the domain name of GLOBALALTENERGY.ORG and conducts business in this district.

39.   Defendant, Association of Equipment Manufacturers, located in Milwaukee, WI, created and operates a website with the domain name of AEM.ORG and conducts business in this district.

40.   Defendant, Yardi Systems Inc., located in Santa Barbara, CA, created and operates a website with the domain name of CPEXECUTIVE.COM and conducts business in this district.

41.   Defendant, diamondindylimo.com, located in Indianapolis, IN, created and operates a website with the domain name of diamondindylimo.com and conducts business in this district.

42.   Defendant, Marcelo Santos, located in Sunnyvale, CA, created and operates a website with the domain name of mexicanrestaurantfinder.com and conducts business in this district.

43.     Defendant, National Rural Recruitment & Retention Network, located in La Crosse, WI,  created and operates a website with the domain name of 3RNET.ORG and conducts business in this district.

44.     Defendant, ANBRITT STENGELE, located in Chicago, IL, created and operates a website with the domain name of SPORTSTRAVELER.NET and conducts business in this district.

45.     Defendant, Pinnacle Sports Equipment, Inc. located in Staten Island, NY, created and operates a website with the domain name of BamBooBat.com and conducts business in this district.

46.     Defendant, Marygrove College located in Detroit, MI,, created and operates a website with the domain name of MARYGROVE.EDU and conducts business in this district.

47.     Defendant, RUNANYCITY.COM, registered in Scottsdale, AZ, created and operates a website with the domain name of RUNANYCITY.COM and conducts business in this district.

48.     Defendant, Buzzle.com, Inc., located in Costa Mesa, CA, created and operates a website with the domain name of BUZZLE.COM and conducts business in this district.

49.     Defendant, Charles Onuska, located in Cicero, IN, created and operates a website with the domain name of onuskafamilyconstruction.com and conducts business in this district.

50.     Defendant, University of Indianapolis, located in Indianapolis, IN, created and operates a website with the domain name of UINDY.EDU and conducts business in this district.

51.     Defendant,  Persephone Magazine, located in Indianapolis, created and operates a website with the domain name of PERSEPHONEMAGAZINE.COM and conducts business in this district. Persephone Magazine published an altered Indianapolis Photo.

## *FACTS*

52.     In March 2000, the Plaintiff, a United States citizen, took a photograph of downtown Indianapolis skyline from overlooking the canal from St. Clair Avenue.

53.      The photograph is an original work that is copyrighted under United States law.  A copy of the photo is attached as Exhibit A, hereinafter referred to as "Indianapolis Photo"

54.     Since March 2000, the Plaintiff has either published or licensed for publication all copies of the Indianapolis Photo in compliance with the copyright laws and has remained the sole owner of the copyright.

55.     Indianapolis Photo was first published on the World Wide Web on August 29, 2000 by the user's account on Webshots. It was recently published on a website created by the Plaintiff under the domain name:  www.richbellphotos.com

56.     The "Indianapolis Photo" was registered on August 4, 2011 with the United States Copyright Office and assigned Registration Number VA0001785115.

## COUNT I

### COPYRIGHT INFRINGEMENT
### AND UNFAIR COMPETITION

57.     Each Defendant, independently of each other, created a website to promote and advertise its own business.

58.     Upon information and belief, each Defendant downloaded or took the Indianapolis Photo from the internet without permission from the owner.

59.     In December 2012, the Plaintiff discovered through the computer program "Google images" that the website each of the Defendants contained the Indianapolis Photo.

60.    No Defendant disclosed the source of the stolen Indianapolis Photo or otherwise conferred credit to the owner; instead, each Defendant willfully and recklessly falsely claimed that it owned the copyrights of all images and photos contained in the Defendant's website including Indianapolis Photo.

61.    During the year 2012, the website of each Defendant published the Indianapolis Photo for its commercial use without paying for said use and without obtaining the necessary authorization from the Plaintiff, the copyright owner.

62.    While only each Defendant will know the exact date of first publication, based upon the Plaintiff's investigation, during the years 2012, each Defendant began publishing the Indianapolis Photo and used the Indianapolis Photo for their commercial use without paying for said use and without obtaining the necessary authorization from the Plaintiff.

63.    Each Defendant knew that the Defendant did not own Indianapolis Photo and knew the Defendant had not obtained the rights to publish the Indianapolis Photo, but recklessly and falsely represented to the world otherwise.

64.    None of the Defendants paid anyone for the right to publish the Indianapolis Photo, but instead fraudulently declared that the Defendant owned the copyrights to the Indianapolis Photo.

65.     Each Defendant refuses to pay for the unauthorized use of Indianapolis Photo.

66.     No Defendant has agreed be enjoined from using the Indianapolis Photo.

67.     Each Defendant has engaged in unfair trade practices and unfair competition in connection with its publication of the Indianapolis Photo, thus causing irreparable damage.

68.     Defendants continue infringing conduct which has caused and is causing substantial and irreparable injury and damage to Plaintiff in an amount not capable of determination, and, unless restrained, will cause further irreparable injury, leaving the Plaintiff with no adequate remedy at law.

69.     There is a risk of infringing conduct which has caused and will likely  cause substantial and irreparable injury and damage to Plaintiff in an amount not capable of determination, and, unless restrained, will cause further irreparable injury, leaving the Plaintiff with no adequate remedy at law.

70.     Plaintiff has complied in all respects with 17 U.S.C. §§ 101 et seq., and secured the exclusive rights and privileges in and to the copyrights of the above-referenced works.

71.    Plaintiff has been and still is the sole proprietor of all rights, title, and interest in and to the copyrights in their respective works as referenced above.

72.    Defendants' conduct violates the exclusive rights belonging to Plaintiff as owner of the copyrights, including without limitation Plaintiff's rights under 17 U.S.C. § 106.

73.    On information and belief, Plaintiff alleges that, as a direct and proximate result of their wrongful conduct, Defendants have realized and continue to realize profits and other benefits rightfully belonging to Plaintiff. Accordingly, Plaintiff seek an award of damages pursuant to 17 U.S.C. §§ 504 and 505.

74.    Defendants' infringing conduct has also caused and is causing substantial and irreparable injury and damage to Plaintiff in an amount not capable of determination, and, unless restrained, will cause further irreparable injury, leaving the Plaintiff with no adequate remedy at law.

75.    Each Defendant has willfully and deliberately engaged in, and, is willfully engaging in, the acts complained of with oppression, fraud, and malice ("Acts") and in conscious disregard of the rights of Plaintiff. Plaintiff is, therefore, entitled to the maximum statutory damages allowable.

76.    Examples of these willfully and deliberately Acts, include but not limited to

15

the following:

    a.  Each Defendant downloaded or took the Indianapolis Photo from the internet and included said photo on the Defendant's website.

    b.  Defendants failed to designate the source of the stolen Indianapolis Photo or otherwise confer credit to the owner.

    c.  Each Defendant recklessly, willfully and falsely asserted that the Defendant owned the copyrights of all content, images and photos contained in the Defendant's website including Indianapolis Photo.

    d.  Each Defendant knew that it did not own Indianapolis Photo and knew the Defendant had not obtained the rights to publish the Indianapolis Photo, but deliberately and falsely represented to the world otherwise.

    e.  None of the Defendants paid anyone for the right to use Indianapolis Photo, but instead fraudulently declared that the Defendant owned the copyrights to the Indianapolis Photo.

77.    As a consequence of this dispute between the parties as to the rights, title, and interest in the copyrighted articles described above, and pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, Plaintiff also seek a

resolution of this ongoing controversy by a declaration of this Court as to the rights of the respective parties in this matter.

THEREFORE, Plaintiff prays for judgment against Defendants as follows:

    a.  Declaring that Defendants' unauthorized conduct violates Plaintiff's rights under common law and the Federal Copyright Act;

    b.  Immediately and permanently enjoining Defendants, their officers, directors, agents, servants, employees, representatives, attorneys, related companies, successors, assigns, and all others in active concert or participation with them from copying and republishing any of Plaintiff's copyrighted articles or copyrighted material without consent or otherwise infringing Plaintiff's copyrights or other rights in any manner;

    c.  Ordering Defendants to account to Plaintiff for all gains, profits, and advantages derived by Defendants by their infringement of Plaintiff's copyrights or such damages as are proper, and since Defendants intentionally infringed plaintiff's copyrights, for the maximum allowable statutory damages for each violation;

    d.  Awarding Plaintiff actual and/or statutory damages for Defendants' copyright infringement in an amount to be determined at trial;

    e.  Awarding Plaintiff their costs, reasonable attorneys' fees, and disbursements in this action, pursuant to 17 U.S.C. § 505; and

    f.  Awarding Plaintiff such other and further relief as is just and proper.

## COUNT II

## THEFT

78.    The Plaintiff realleges and incorporates by reference as if fully set forth

herein the allegations contained in all preceding paragraphs.

79.    The Defendants has knowingly or intentionally exerts unauthorized control

over property of the Plaintiff and therefore has committed criminal conversion,

which is a violation of IC 35-43-4-3.

THEREFORE, Plaintiff prays for Damages as set forth in IC 34-24-3-1 as follows:
   a. An amount not to exceed three (3) times the actual damages of the person suffering the loss.

   b. All other statutory costs and costs of the action.
   c. A reasonable attorney's fee.
   d. All other reasonable costs of collection.
   e. Awarding Plaintiff such other and further relief as is just and proper.

Respectfully Submitted:


 Date:  January 8, 2012            _/s Richard N. Bell    _____
                                    Richard N. Bell

Richard N. Bell, Atty No. 2669-49
Bell Law Firm
10042 Springstone Road
Mc Cordsville, In 46055
(317) 589-8535
(317) 690-2053  Cell
richbell@comcast.net

18