# United States District Court
for the
### SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| Richard N. Bell ) | |
| ) | |
| Plaintiff ) | |
| v. ) | |
| ) | Cause Action No.: |
| JERRY GORDON, et al. ) | |
| ) | 1:13-CV-0035 TWP-DKL |
| Defendants ) | |

**PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE**

Plaintiff initiated this lawsuit January 8, 2013. [Doc. 1.] Plaintiff alleged that the 46 named Defendants published or uploaded a photograph of the Indianapolis skyline that was taken and copyrighted by him. [See generally Doc. 1.] The Court **ORDERED** Plaintiff to show cause in writing why permissive joinder of the Defendants in this Action is appropriate. See Fed. R. Civ. P. 20(a)(2).

**PERMISSIVE JOINDER OF DEFENDANTS**

Plaintiffs' seeks permissive joinder of parties and is governed by Federal Rule of Civil Procedure 20(a)(2) which provides in pertinent part that:

> (2) Defendants. Persons—as well as a vessel, cargo, or other property subject to admiralty process in rem—may be joined in one action as defendants if:
>
> > (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> >
> > (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a). "The purpose of [Rule 20(a)] is to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits." *Mosley v.*

1

*Gen. Motors Corp.*, 497 F.2d 1330, 1332 (8th Cir. 1974); *see also Bridgeport Music, Inc. v. 11C Music*, 202 F.R.D. 229, 231(M.D. Tenn. 2001). This purpose is in accord with the underlying principle of the Federal Rules of Civil Procedure to permit "the broadest possible scope of action consistent with fairness to the parties." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724, 86 S. Ct. 1130, 1138, 16 L. Ed. 2d 218 (1966).

Single trials generally tend to lessen the delay, expense and inconvenience to all concerned. Reflecting this policy, the Supreme Court has said:

> Under the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged.

*United Mine Workers of America v. Gibbs,* 383 U.S. 715, 724, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966).

## FED. R. CIV. P. 20(A) HAS TWO PRONGS

Permissive joinder is not, however, applicable in all cases. The rule imposes two specific requisites to the joinder of parties: (1) a right to relief must be asserted by, or against, each plaintiff or defendant relating to or arising out of the same transaction or occurrence, or series of transactions or occurrences; and (2) some question of law or fact common to all the parties must arise in the action. *Mosley*, 497 F.2d at 1333.

The common question test "does not require that all questions of law and fact raised by the dispute be common. Yet, neither does it establish any qualitative or quantitative test of commonality." Id. at 1334. This test is usually easy to satisfy. *Bridgeport Music*, 202 F.R.D. at 231 (citing 4 James Wm. Moore et al., Moore's Federal Practice ¶ 20.04 (3d ed.1999)).

The transactional test "requires that, to be joined, parties must assert rights, or have rights asserted against them, that arise from related activities − a transaction or an occurrence or a

series thereof." *Bridgeport Music,* 202 F.R.D. at 231 (citations omitted). "The words 'transaction or occurrence' are given a broad and liberal interpretation in order to avoid a multiplicity of suits." *Lasa Per L'Industria Del Marmo Societa Per Azioni v.Alexander*, 414 F.2d 143, 147 (6th Cir. 1969). The test is not easily applied and "generally requires a case by case analysis." *Bridgeport Music*, 202 F.R.D. at 232.

> "Transaction" is a word of flexible meaning. It may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship.

*Moore v. New York Cotton Exchange,* 270 U.S. 593, 610, 46 S.Ct. 367, 371, 70 L.Ed. 750 (1926). Accordingly, all "logically related" events entitling a person to institute a legal action against another generally are regarded as comprising a transaction or occurrence. 7 C. Wright, Federal Practice and Procedure § 1653 at 270 (1972). The analogous interpretation of the terms as used in Rule 20 would permit all reasonably related claims for relief by or against different parties to be tried in a single proceeding. Absolute identity of all events is unnecessary.

The Plaintiff strongly believes that permissive joinder is appropriate. All Defendants meet the first prong a "series of transactions or occurrences" because it is alleged each and every Defendant downloaded the Indianapolis photo on to their own website. (See Doc. 1 pars. 58 and 76(a)). ("any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or **series of transactions or occurrences."**) Having interviewed dozens of the Defendants nearly all say they goggled "Indianapolis Skyline and selected the Indianapolis photo to download to their site which is a "series of transactions or occurrences."

All Defendants meet the second prong; "any question of law or fact common to all defendants will arise in the action. All the Defendants are alleged to have violated the Federal

3

Copyright Act and the Indiana theft statute (IC 35-43-4-3). The Complaint has the following allegations of facts and/or law common to each Defendant:

57. Each Defendant, independently of each other, created a website to promote and advertise its own business.

58. Upon information and belief, each Defendant downloaded or took the Indianapolis Photo from the internet without permission from the owner.

60. No Defendant disclosed the source of the stolen Indianapolis Photo or otherwise conferred credit to the owner; instead, each Defendant willfully and recklessly falsely claimed that it owned the copyrights of all images and photos contained in the Defendant's website including Indianapolis Photo. (Doc. 1 par. 60)

61. During the year 2012, the website of each Defendant published the Indianapolis Photo for its commercial use without paying for said use and without obtaining the necessary authorization from the Plaintiff, the copyright owner. (See Doc. 1 par. 61)

62. While only each Defendant will know the exact date of first publication, based upon the Plaintiff's investigation, during the years 2012, each Defendant began publishing the Indianapolis Photo and used the Indianapolis Photo for their commercial use without paying for said use and without obtaining the necessary authorization from the Plaintiff. (Doc. 1 par. 62)

63. Each Defendant knew that the Defendant did not own Indianapolis Photo and knew the Defendant had not obtained the rights to publish the Indianapolis Photo, but recklessly and falsely represented to the world otherwise. (Doc. 1 par. 63)

64. None of the Defendants paid anyone for the right to publish the Indianapolis Photo, but instead fraudulently declared that the Defendant owned the copyrights to the Indianapolis Photo. (Doc. 1 par. 64)

65. Each Defendant refuses to pay for the unauthorized use of Indianapolis Photo. (Doc. 1 par. 65)

66. No Defendant has agreed be enjoined from using the Indianapolis Photo. (Doc. 1 par. 66)

67. Each Defendant has engaged in unfair trade practices and unfair competition in connection with its publication of the Indianapolis Photo, thus causing irreparable damage. (Doc. 1 par. 67)

68. Defendants continue infringing conduct which has caused and is causing substantial and irreparable injury and damage to Plaintiff in an amount not

capable of determination, and, unless restrained, will cause further irreparable injury, leaving the Plaintiff with no adequate remedy at law. (Doc. 1 par. 68)

69. There is a risk of infringing conduct which has caused and will likely cause substantial and irreparable injury and damage to Plaintiff in an amount not capable of determination, and, unless restrained, will cause further irreparable injury, leaving the Plaintiff with no adequate remedy at law. (Doc. 1 par. 69)

70. Plaintiff has complied in all respects with 17 U.S.C. §§ 101 et seq., and secured the exclusive rights and privileges in and to the copyrights of the above-referenced works. (Doc. 1 par. 70)

71. Plaintiff has been and still is the sole proprietor of all rights, title, and interest in and to the copyrights in their respective works as referenced above. (Doc. 1 par. 71)

72. Defendants' conduct violates the exclusive rights belonging to Plaintiff as owner of the copyrights, including without limitation Plaintiff's rights under 17 U.S.C. § 106. (Doc. 1 par. 72)

73. On information and belief, Plaintiff alleges that, as a direct and proximate result of their wrongful conduct, Defendants have realized and continue to realize profits and other benefits rightfully belonging to Plaintiff. Accordingly, Plaintiff seek an award of damages pursuant to 17 U.S.C. §§ 504 and 505. (Doc. 1 par. 73)

74. Defendants' infringing conduct has also caused and is causing substantial and irreparable injury and damage to Plaintiff in an amount not capable of determination, and, unless restrained, will cause further irreparable injury, leaving the Plaintiff with no adequate remedy at law. (Doc. 1 par. 74)

75. Each Defendant has willfully and deliberately engaged in, and, is willfully engaging in, the acts complained of with oppression, fraud, and malice ("Acts") and in conscious disregard of the rights of Plaintiff. Plaintiff is, therefore, entitled to the maximum statutory damages allowable. (Doc. 1 par. 75)

76. Examples of these willfully and deliberately Acts, include but not limited to the following:

   a.    Each Defendant downloaded or took the Indianapolis Photo from the internet and included said photo on the Defendant's website.

   b.    Defendants failed to designate the source of the stolen Indianapolis Photo or otherwise confer credit to the owner.

    c.    Each Defendant recklessly, willfully and falsely asserted that the Defendant owned the copyrights of all content, images and photos contained in the Defendant's website including Indianapolis Photo.

    d.    Each Defendant knew that it did not own Indianapolis Photo and knew the Defendant had not obtained the rights to publish the Indianapolis Photo, but deliberately and falsely represented to the world otherwise.

    e.    None of the Defendants paid anyone for the right to use Indianapolis Photo, but instead fraudulently declared that the Defendant owned the copyrights to the Indianapolis Photo. (Doc. 1 par. 76)

## DISCRETION OF THE DISTRICT COURT

Whether to allow permissive joinder is within the sound discretion of the district court. *Ohio ex rel. Fisher v. Louis Trauth Dairy*, 856 F. Supp. 1229, 1239 (S. D. Ohio 1994) (citing *Swanigan v. Amadeo Rossi, S.A.*, 617 F. Supp. 66, 67 (E. D. Mich. 1985)).

Even if the requirements of Rule 20(a) are met, the court in its discretion can still deny joinder or order severance. *Bridgeport Music*, 202 F.R.D. at 232 (citing 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1652 (3d ed. 2001) ("[T]he court has discretion to deny joinder if it determines that the addition of the party under Rule 20 will not foster the objectives of the rule, but will result in prejudice, expense or delay.")).

Plaintiff is fully aware that this Court issued a Show Cause Order because it had some belief that Permissive Joinder is not appropriate for this case. Plaintiff believes that its analysis shows that Permissive Joinder is appropriate. No Defendant has yet raised the issue and we urge the Court to wait until the Defendants have an opportunity to weigh in on the issue before it would render a decision. It is most likely that Defendants will not want to sever the case. In fact, it is possible that there will very few Defendants in the case, as most will settle or default. This Court can always sever the case for trial.

As stated by *Mosley v. Gen. Motors Corp.,* 497 F.2d 1330, 1332 (8th Cir. 1974) "The purpose of [Rule 20(a)] is to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits." In this case, <u>severing</u> would defeat this objective.

Another factor that this Court should consider is the litigation expenses of severing. The claims against each Defendant are significantly less than $75,000. In fact, if the Federal Copyright Law did not require exclusive federal jurisdiction, then this case would likely be brought in a Small Claims Court. Severing the cases would thus increase litigation expenses significantly.

For the reasons stated above, Plaintiff requests that the Court permit this cause to more forward without severing and permit permissive joinder of parties.

Respectfully Submitted:

Date: January 30, 2012         /s Richard N. Bell   _____
                               Richard N. Bell

Richard N. Bell, Atty No. 2669-49
Bell Law Firm
10042 Springstone Road
Mc Cordsville, In 46055
(317) 589-8535
(317) 690-2053  Cell
richbell@comcast.net