# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| RICHARD N. BELL, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 1:13-cv-00035-TWP-DKL |
| DIAMONDINDYLIMO.COM, | ) |
| Defendant. | ) |

## ENTRY ON DEFAULT JUDGMENT

This matter is before the Court on Plaintiff Richard N. Bell's ("Mr. Bell") Motion for Default Judgment (Dkt. 162). On September 11, 2013, a Clerk's Entry of Default (Dkt. 160) was entered against Defendant DiamondIndyLimo.com ("Diamond"). As of the date of this Entry, Diamond has failed to answer or defend this cause. Mr. Bell now seeks statutory damages and entry of default judgment against Diamond in the amount of no less than $5,000.00.

## I. DISCUSSION

Having found that Diamond has failed to answer or defend this cause, the Court agrees that entry of default judgment is warranted. This will require the resolution of all claims against Diamond, and a determination of what relief is appropriate. Mr. Bell seeks statutory damages, injunctive relief and treble damages for conversion. The Court will address each request in turn.

### A. Copyright Infringement

The Copyright Act provides that a plaintiff can receive an award of statutory damages—in lieu of actual damages and profits—"in a sum not less than $750 or more than $30,000" for each infringement. 17 U.S.C. § 504(c)(1). If the copyright infringement is willful, "the court in its discretion may increase the award of statutory damages to an award of not more than

$150,000." 17 U.S.C. § 504(c)(2). The Court has the discretion to assess damages within these statutory limits. See *F.W. Woolworth Co. v. Contemporary Arts, Inc.*, 344 U.S. 228, 231–32 (1952); *F.E.L. Publ'ns, Ltd. v. Catholic Bishop of Chi.*, 754 F.2d 216, 219 (7th Cir. 1985). In exercising its discretion to determine statutory damages, the Court considers factors including: (1) the infringer's state of mind; (2) the expenses saved, and profits earned, by the infringer; (3) the revenue lost by the copyright holder; (4) the deterrent effect on the infringer and third parties; (5) the infringer's cooperation in providing evidence concerning the value of the infringing material; and (6) the conduct and attitude of the parties. *Bryant v. Media Right Prods., Inc.*, 603 F.3d 135, 144 (2d Cir. 2010). Having considered these factors, the Court does not find the copyright infringement to have been "willful" because Mr. Bell requests statutory damages well under $30,000.00 per violation. *John Wiley & Sons, Inc. v. Williams*, No. 12Civ.0079(PKC), 2012 WL 5438917 (S.D.N.Y. Nov. 5, 2012).

The photograph at the center of this copyright dispute, a photograph of the Indianapolis skyline, was first published on the World Wide Web by Mr. Bell on August 29, 2000. However, the photograph was not registered with the United States Copyright Office until August 4, 2011. The photograph is available for purchase from Mr. Bell's website, www.richbellphotos.com, for $200.00. In December 2012, Mr. Bell discovered through the computer program "Google Images" that a website operated by Diamond had published the photograph without paying for its use. After discovering the copyright infringement, Mr. Bell notified Diamond in writing of the infringement and demanded that it pay for the unauthorized past use of the photograph. Diamond refused to pay for the photograph. Having considered the discretionary factors, the Court finds that a just award of damages will consist of statutory damages of $2,500.00. Thus, the Court will award statutory damages of $2,500.00 against Diamond.

Pursuant to the Copyright Act, the Court may grant injunctions "on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a). Here, monetary damages are insufficient to compensate Mr. Bell for his injury because monetary damages will not prohibit future infringement. The only hardship Diamond will suffer from the imposition of an injunction is the inability to engage in further unlawful activity through unauthorized use of the copyrighted photograph. An injunction will serve the public interest by protecting copyrighted material and encouraging compliance with federal law. The appropriate injunction will prohibit Diamond from posting the photograph on their website and will remain in effect only so long as the statutory damages awarded herein remain unpaid.

**B.    State Law Conversion**

Indiana's criminal conversion statute states that a "person who knowingly or intentionally exerts unauthorized control over property of another person commits criminal conversion." I.C. § 35-43-4-3(a). Indiana law permits a plaintiff who has suffered a pecuniary loss as a result of a violation of I.C. § 35-43-4-3 to bring a civil conversion claim under I.C. § 34-24-3-1. "To prevail on their civil conversion claim, the [plaintiff] must prove the elements of the criminal conversion by a preponderance of the evidence." *IP of W. 86th St. 1, LLC v. Morgan Stanley Mortg. Capital Holdings, LLC*, 686 F.3d 361, 370 (7th Cir. 2012). However, the Copyright Act preempts "all legal or equitable rights that are the equivalent to any of the exclusive rights within the general scope of copyright" and "no person is entitled to any such right or equivalent right in any such work under the common law or statutes of any State." 17 U.S.C. § 301. The rights of a copyright owner are "reproduction, adaptation, publication, performance, and display of the copyrighted work." *Seng-Tiong Ho v. Taflove*, 648 F.3d 489, 501 (7th Cir. 2011) (internal quotation marks omitted). Because the Indianapolis photograph is clearly under the scope of the

Copyright Act, the Court's analysis is focused on whether Mr. Bell's state law conversion claim "is based on a right equivalent to those under the Copyright Act." *Id.*

Mr. Bell's Complaint alleges that Diamond knowingly and intentionally exerted control over the photograph. The Complaint does not allege any additional facts specific to the conversion claim, but only incorporates the facts alleged under the Copyright claim. Specifically, those facts are that Diamond downloaded and published the Indianapolis photograph. The Court finds that Mr. Bell has not sufficiently alleged a right apart from the Copyright Act and his state law conversion claim is preempted. He is therefore not entitled to damages or judgment on his conversion claim.

## II. CONCLUSION

Mr. Bell's Motion for Default Judgment (Dkt. 162) is **GRANTED in part** and **DENIED in part**. Mr. Bell is awarded statutory damages in the amount of $2,500.00 against Diamond and shall take nothing for his state law claim of conversion. The resolution of the claims against the defaulted Defendants leaves two remaining Defendants in this action. Therefore, final judgment is not appropriate. *See Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 573 F.3d 523, 525 (7th Cir. 2009) ("A final judgment is one that resolves all claims against all parties.") (citing *Dale v. Lappin*, 376 F.3d 652, 654 (7th Cir. 2004)). Final judgment will not issue at this time.

**SO ORDERED.**

Date: 06/17/2014

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

William Mclaws
701 - 1937 Pendrell Street
Vancouver, BC V6G 1T4

Richard N. Bell
BELL LAW FIRM
richbell@comcast.net

Belinda R. Johnson-Hurtado
CLENDENING JOHNSON & BOHRER P.C.
bhurtado@lawcjb.com

Lonnie D. Johnson
CLENDENING JOHNSON & BOHRER, P.C.
ljohnson@lawcjb.com

Holiday W. Banta
ICE MILLER LLP
h.banta@icemiller.com

Paul B. Overhauser
OVERHAUSER LAW OFFICES, LLC
poverhauser@overhauser.com