UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RICHARD N. BELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:13-cv-00035-TWP-DKL |
| ) | |
| TRUSTEE WILLIAM MCLAWS, and ) | |
| CHARLES LANTZ, ) | |
| ) | |
| Defendants. ) | |

### ENTRY OF DEFAULT AGAINST DEFENDANT TRUSTEE WILLIAM MCLAWS

This matter is before the Court on Defendant Trustee William McLaws's ("Mr. McLaws") failure to show cause. Plaintiff Richard N. Bell ("Mr. Bell") filed his Complaint on January 8, 2013, asserting claims of copyright infringement and state law conversion against numerous defendants, including Mr. McLaws ([Filing No. 1](#)). Mr. McLaws filed an Answer to the Complaint on March 26, 2013 ([Filing No. 124](#)). Since filing his Answer, Mr. McLaws has failed to participate in this action and failed to respond to the Court's Show Cause Order. Because of his failure to participate in court conferences, to participate in this litigation, and to respond to the Court's Show Cause Order, default is entered against Mr. McLaws.

### I. Background

On January 8, 2013, Mr. Bell filed his Complaint against Mr. McLaws, who resides in Vancouver, British Columbia, Canada. On March 26, 2013, Mr. McLaws filed an Answer to the Complaint. In his Answer, Mr. McLaws admitted that "each defendant had published the 'Indianapolis photo' on a website they created even though no defendant had the rights or authority

to publish same." (Filing No. 124 at 1.) After filing his Answer, Mr. McLaws has not participated in this litigation.

The parties[1] were ordered to confer and prepare a proposed case management plan before the initial pre-trial conference (Filing No. 167). Mr. McLaws failed to participate in the preparation and submission of the proposed case management plan, which was tendered to the Court on July 14, 2014, by Mr. Bell and Defendant Charles Lantz ("Mr. Lantz") (Filing No. 168).

In its Order setting the initial pre-trial conference, the Court encouraged the parties to confer and prepare a proposed protective order if they anticipated a need for a protective order (Filing 167 at 3). Mr. Bell and Mr. Lantz prepared a proposed protective order, which they tendered to the Court on September 2, 2014 (Filing No. 178), but Mr. McLaws did not participate in the preparation and submission of the proposed protective order.

On July 21, 2014, the Court held an initial pre-trial conference to discuss various matters in this case. Mr. McLaws did not appear for the initial pre-trial conference. The Court previously had provided Mr. McLaws with the option to participate telephonically in the initial pre-trial conference, but he failed to participate even telephonically.

Because of his failure to participate in the required court conference, the Court issued a Show Cause Order on August 7, 2014 (Filing No. 172). The Show Cause Order required Mr. McLaws to respond in writing within twenty-one days, explaining why he should not be sanctioned for failing to appear at the initial pre-trial conference. The Order noted that Mr. McLaws could be subject to default for failing to participate in the action. Mr. McLaws did not respond to the Show Cause Order.

---

[1] Mr. Bell filed his Complaint against numerous defendants. The other defendants previously had settled, were dismissed, or were defaulted when the Court issued its Order on July 10, 2014, setting the initial pre-trial conference and requiring a proposed case management plan. Thus, the only remaining parties were the Plaintiff, Mr. Bell, and two defendants, Mr. McLaws and Mr. Lantz.

On September 25, 2014, the Court held a telephonic status conference with the parties. Again, Mr. McLaws failed to participate in the conference. After Mr. McLaws's second failure to appear at a court conference and his failure to respond to the Show Cause Order, Magistrate Judge LaRue recommended that default be entered against Mr. McLaws (Filing No. 209).

## II. Default Judgment as a Sanction

Federal Rule of Civil Procedure 16(f)(1) states:

> On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)–(vii), if a party or its attorney:
> (A) fails to appear at a scheduling or other pretrial conference;
> (B) is substantially unprepared to participate—or does not participate in good faith—in the conference; or
> (C) fails to obey a scheduling or other pretrial order.

The Rule 37(b) sanctions available to the Court under Rule 16(f)(1) include "rendering a default judgment against the disobedient party." Fed. R. Civ. P. 37(b)(2)(A)(vi). "Courts are given 'wide latitude in fashioning appropriate sanctions,' but the sanctions must be reasonable under the circumstances." *TruFoods, LLC v. Rigdon*, 2012 U.S. Dist. LEXIS 26014, at *4 (S.D. Ind. Feb. 2, 2012) (quoting *e360 Insight, Inc. v. Spamhaus Project*, 658 F.3d 637, 642 (7th Cir. 2011)).

On March 26, 2013, Mr. McLaws filed his Answer, wherein he admitted that "each defendant had published the 'Indianapolis photo' on a website they created even though no defendant had the rights or authority to publish same." (Filing No. 124 at 1.) Throughout the almost two years of litigation since filing his Answer, Mr. McLaws has not participated in this litigation.

Mr. McLaws failed to obey the Court's pre-trial order when he did not participate in preparing and submitting the proposed case management plan. He failed to participate in preparing and submitting the proposed protective order. He failed to appear at the initial pre-trial conference. Mr. McLaws failed to obey the Court's pre-trial Show Cause Order when he did not respond to explain why he should not be sanctioned for failing to appear at the initial pre-trial conference. A

second time, Mr. McLaws failed to appear at a telephonic status conference with the Court. Mr. McLaws abandoned the defense of this case after filing his Answer almost two years ago. Under these circumstances, the Court finds that entering default against Mr. McLaws is reasonable and appropriate.

### III. Conclusion

Because Mr. McLaws failed to participate in this litigation after filing his Answer, and he failed to respond to the Court's Show Cause Order, an entry of **Default** is entered against him.

Pursuant to Federal Rule Civ. P. 55 (a) and (b) Plaintiff, Richard N. Bell, shall submit an affidavit of the facts and evidence of damages against Mr. McLaws by February 6, 2015. Mr. McLaws shall have until **February 16, 2015** to file a response, if any.

**SO ORDERED.**

Date: 1/21/2015

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

William McLaws
701 - 1937 Pendrell St.
Vancouver, BC V6G 1T4

Richard N. Bell
BELL LAW FIRM
richbell@comcast.net

Paul B. Overhauser
OVERHAUSER LAW OFFICES, LLC
poverhauser@overhauser.com