UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| RICHARD N. BELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:13-cv-00035-TWP-DKL |
| | ) | |
| | ) | |
| TRUSTEE WILLIAM MCLAWS and | ) | |
| CHARLES LANTZ, | ) | |
| | ) | |
| Defendants. | ) | |

## ENTRY OF DEFAULT JUDGMENT
## AGAINST DEFENDANT TRUSTEE WILLIAM MCLAWS

This matter is before the Court on Plaintiff Richard N. Bell's ("Mr. Bell") Submission of Facts and Evidence of Damages ([Filing No. 225](#)), pursuant to the Court's Entry of Default Against Defendant Trustee William McLaws ("Mr. McLaws") ([Filing No. 224](#)).

Mr. Bell filed his Complaint on January 8, 2013, asserting claims of copyright infringement and state law conversion against numerous defendants, including Mr. McLaws, a resident of Vancouver, British Columbia, Canada. Mr. McLaws filed an Answer to the Complaint on March 26, 2013, wherein he admitted that "each defendant had published the 'Indianapolis photo' on a website they created even though no defendant had the rights or authority to publish same." ([Filing No. 124 at 1](#).) After filing his Answer, Mr. McLaws failed to participate in this action and failed to respond to the Court's Show Cause Order ([Filing No. 172](#)). Because of his failure to participate in court conferences, to participate in this litigation, and to respond to the Court's Show Cause Order, the Court entered default against Mr. McLaws on January 21, 2015 ([Filing No. 224](#)). The Court's Entry of Default ordered Mr. Bell to submit an affidavit of the facts and evidence of

damages against Mr. McLaws, which Mr. Bell filed on February 5, 2015. Mr. McLaws failed to respond to Mr. Bell's submission.

The Court, having previously entered default against Mr. McLaws, and with Mr. Bell's submission of an affidavit of the facts and evidence of damages to which Mr. McLaws has not responded, now **ENTERS DEFAULT JUDGMENT** against Mr. McLaws.

## I. CLAIMS AGAINST MR. MCLAWS

By his Complaint, Mr. Bell seeks statutory damages and injunctive relief for his copyright infringement claim (Count I) and treble damages for his state law conversion claim (Count II). In his affidavit of damages, Mr. Bell explains that he is "dismiss[ing] Count II of the Complaint." ([Filing No. 225 at 2](), [Filing No. 225-1 at 8]().) The Court will address each claim separately.

**A.     Copyright Infringement Claim**

The photograph at issue in this copyright lawsuit, a photograph of the Indianapolis skyline, was first published on the Internet by Mr. Bell on August 29, 2000. However, it was not until August 4, 2011, that the photograph was registered with the United States Copyright Office. The photograph is available for purchase from Mr. Bell's website for $200.00. In December 2012, Mr. Bell discovered through an Internet search on "Google Images" that various websites operated by the defendants, including a website operated by Mr. McLaws, had published the photograph without paying for its use. After discovering the copyright infringement, Mr. Bell started notifying the defendants of the infringement and demanded payment for the unauthorized past use of the photograph.

The Copyright Act allows the court to grant "an award of statutory damages for all infringements involved in the action, with respect to any one work . . . in a sum of not less than $750 or more than $30,000 as the court considers just." 17 U.S.C. § 504(c)(1). If the copyright

infringement is willful, "the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000." 17 U.S.C. § 504(c)(2). The court has broad discretion to assess damages within these statutory limits. *See F.W. Woolworth Co. v. Contemporary Arts, Inc.*, 344 U.S. 228, 231–32 (1952); *F.E.L. Publ'ns, Ltd. v. Catholic Bishop of Chicago*, 754 F.2d 216, 219 (7th Cir. 1985). In exercising its discretion to award statutory damages, the court considers factors when determining the amount of the statutory award: (1) the infringer's state of mind; (2) any expenses saved and profits earned by the infringer; (3) any revenue lost by the copyright holder; (4) the deterrent effect on the infringer and others; (5) the infringer's cooperation in providing evidence concerning the value of the infringing material; and (6) the conduct and attitude of the parties. *Bryant v. Media Right Prods., Inc.*, 603 F.3d 135, 144 (2d Cir. 2010).

When Mr. Bell requested entry of default judgment against four of the other defendants, he requested an award of damages in the amount of $5,000.00 against each defendant (Filing No. 162 at 3). Mr. Bell's Complaint does not provide any allegations that would distinguish the infringing conduct of one defendant from any other defendant. Thus, it is reasonable and just to conclude that Mr. McLaws's infringing conduct was the same as the other defaulted defendants' infringing conduct. Regarding the other defaulted defendants, the Court already has considered the factors regarding "willful infringement" and determined that the copyright infringement was not "willful" because Mr. Bell requested damages well under the $30,000.00 maximum award. *See John Wiley & Sons, Inc. v. Williams*, 2012 U.S. Dist. LEXIS 162741, at *5 (S.D.N.Y. Nov. 5, 2012). Therefore, in the absence of any evidence to show otherwise, the Court finds that Mr. McLaws's copyright infringement was not willful, consistent with the other default judgments.

Mr. Bell's affidavit of damages does not provide any evidence of actual damages suffered as a result of the infringing conduct. He simply requests the "maximum statutory award . . . of at

least $7,500." ([Filing No. 225 at 2](#).) This arbitrary amount requested is not the maximum statutory award for copyright infringements, and it is not based on any evidence submitted to the Court. Mr. Bell has not distinguished Mr. McLaws's infringing conduct from the infringing conduct of the other defaulted defendants. Therefore, the Court, having considered the discretionary factors and the award of damages against the other defaulted defendants, finds that a just award of damages will consist of statutory damages in the amount of $2,500.00. Thus, the Court awards statutory damages of $2,500.00 against Mr. McLaws.

Pursuant to the Copyright Act, the court may grant an injunction "on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a). Here, monetary damages are insufficient to compensate Mr. Bell for his injury because monetary damages will not prohibit future infringement. The only hardship Mr. McLaws will suffer from the imposition of an injunction is the inability to engage in further unlawful activity through unauthorized use of the copyrighted photograph. An injunction will serve the public interest by protecting copyrighted material and encouraging compliance with federal law. The appropriate injunction will prohibit Mr. McLaws from posting the photograph on his website and will remain in effect only so long as the statutory damages awarded herein remain unpaid.

Mr. Bell also requested an award of his litigation costs ($155.40) and attorney fees ($2,500.00) pursuant to 17 U.S.C. § 505. Section 505 provides the court with discretion to award fees and costs. In copyright suits "prevailing plaintiffs and prevailing defendants are to be treated alike." *Fogerty v. Fantasy, Inc.,* 510 U.S. 517, 534 (1994). "There is no precise rule or formula for making these determinations," but instead equitable discretion should be exercised. *Id.* The Seventh Circuit has held that prevailing defendants are presumptively entitled to recover attorney fees. See *Assessment Technologies of WI, LLC v. WIREdata, Inc.,* 361F.3d 434, 436 (7th Cir. 2004).

However, no such presumption exist for the prevailing plaintiff. In exercising its discretion, "the two most important considerations in determining whether to award attorneys' fees in a copyright case are the strength of the prevailing party's case and the amount of damages or other relief the party obtained." *Id. at 436*. In his affidavit, Mr. Bell does not distinguish what work was performed on this claim from his work on the multiple other claims filed simultaneously in this case. Rather, he merely states that he expended 10 hours of legal time prosecuting his claim against Mr. McLaws. The Court has awarded Mr. Bell damages and injunctive relief against Mr. McLaws and several other defaulted defendants named in this complaint.[1] Under the circumstances of this case, the Court finds it appropriate to award Mr. Bell his litigation costs of $155.40 however there is no equitable basis or urgent need to add an award of attorneys' fees.

**B.     State Law Conversion Claim**

Count II of Mr. Bell's Complaint is a claim for state law conversion. Mr. Bell asserts that he is "dismiss[ing] Count II of the Complaint" (Filing No. 225 at 2, Filing No. 225-1 at 8). Indiana law permits a plaintiff who has suffered a pecuniary loss as a result of a violation of Indiana Code § 35-43-4-3 to bring a civil conversion claim under Indiana Code § 34-24-3-1. However, the Copyright Act preempts "all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright" and "no person is entitled to any such right or equivalent right in any such work under the common law or statutes of any State." 17 U.S.C. § 301. The rights of a copyright owner are "reproduction, adaptation, publication, performance, and display of the copyrighted work." *Seng-Tiong Ho v. Taflove*, 648 F.3d 489, 501 (7th Cir. 2011) (internal quotation marks and citation omitted). Because the Indianapolis photograph is clearly

---

[1] The Court notes also that Mr. Bell has not sought statutory attorneys' fees against any of the other defaulted defendants. (Filing No. 162).

under the scope of the Copyright Act, the Court must focus on whether Mr. Bell's state law conversion claim "is based on a right equivalent to those under the Copyright Act." *Id.*

Mr. Bell's Complaint alleges that Mr. McLaws knowingly and intentionally exerted control over the photograph and does not allege any additional facts specific to the conversion claim but only incorporates the facts alleged under the copyright infringement claim. Mr. Bell has not sufficiently alleged a right apart from the Copyright Act, therefore his state law conversion claim is preempted. He is therefore not entitled to damages or judgment on his state law conversion claim. Accordingly, Mr. Bell's request to dismiss Count II is **GRANTED**.

## II. CONCLUSION

Because Mr. McLaws failed to participate in this litigation after filing his Answer, and he failed to respond to the Court's Show Cause Order, **DEFAULT JUDGMENT** is entered against Mr. McLaws in the amount of **$2,500.00** on Mr. Bell's copyright infringement claim as well as **$155.40** for Mr. Bell's litigation costs. Additionally, an injunction is issued to prohibit Mr. McLaws from posting the photograph on his website and will remain in effect only so long as the statutory damages awarded herein remain unpaid. Because Mr. Bell's state law conversion claim is preempted by the Copyright Act, Mr. Bell is not entitled to damages or judgment on that claim.

The Court previously entered default judgments against various defendants ([Filing No. 163](), [Filing No. 164](), [Filing No. 165](), [Filing No. 166]()). Numerous other defendants were dismissed by Mr. Bell's stipulation. The dismissals and default judgments resulted in claims pending against only two defendants, Mr. Lantz and Mr. McLaws. On December 1, 2014, the claims against Mr. Lantz were dismissed with prejudice ([Filing No. 208]()). Therefore, with this Entry of Default Judgment against Mr. McLaws, all the claims against each of the parties are resolved and final

judgment is appropriate. *See Dale v. Lappin*, 376 F.3d 652, 654 (7th Cir. 2004) (final judgment is one that disposes of all claims against all parties). Final judgment will issue by separate order.

**SO ORDERED.**

Date: 2/23/2015

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

William McLaws
701 - 1937 Pendrell St.
Vancouver, BC V6G 1T4

Holiday W. Banta
ICE MILLER LLP
h.banta@icemiller.com

Richard N. Bell
BELL LAW FIRM
richbell@comcast.net

Lonnie D. Johnson
CLENDENING JOHNSON & BOHRER, P.C.
ljohnson@lawcjb.com

Belinda R. Johnson-Hurtado
CLENDENING JOHNSON & BOHRER P.C.
bhurtado@lawcjb.com

Paul B. Overhauser
OVERHAUSER LAW OFFICES, LLC
poverhauser@overhauser.com