UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| RICHARD N. BELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:13-cv-00035-TWP-DKL |
| | ) | |
| CHARLES LANTZ, | ) | |
| | ) | |
| Defendant. | ) | |

**ENTRY ON DEFENDANT CHARLES LANTZ'S
MOTION FOR COSTS AND ATTORNEY'S FEES**

This matter is before the Court on Defendant Charles Lantz's ("Mr. Lantz") Motion for Costs and Attorney's Fees (Filing No. 210) pursuant to 17 U.S.C. § 505 of the Copyright Act, following the voluntary dismissal of the action by Plaintiff Richard Bell ("Mr. Bell"). Mr. Lantz seeks an award of $33,974.65 in attorney's fees and costs (Filing No. 226). For the following reasons, the Court **GRANTS** Mr. Lantz's Motion.

## I. BACKGROUND

On January 8, 2013, Mr. Bell, a practicing attorney and professional photographer, filed a Complaint in this Court, alleging copyright infringement against forty-seven defendants, including Mr. Lantz (Filing No. 1). The subject of the alleged infringement was a photograph of the Indianapolis skyline taken by Mr. Bell ("the Indianapolis Photo"). In his Answer to the Complaint Mr. Lantz denied all allegations of copyright infringement of the Indianapolis Photo (Filing No. 114).

Through interrogatories, Mr. Bell confirmed that Mr. Lantz had never infringed the copyright of the Indianapolis Photo. After discovery, on November 17, 2014, Mr. Bell moved to voluntarily dismiss with prejudice his copyright infringement action against Mr. Lantz (Filing No.

205). On December 1, 2014, the Court granted the unopposed motion for voluntary dismissal with prejudice (Filing No. 208).

Because Mr. Bell's copyright action against Mr. Lantz was dismissed with prejudice, Mr. Lantz became the "prevailing party" under the Copyright Act. On December 10, 2014, Mr. Lantz filed his Motion for Costs and Attorney's Fees based on his status as a prevailing party under 17 U.S.C. § 505.

## II. LEGAL STANDARD

Under 17 U.S.C. § 505, in any copyright civil action, the district court in its discretion may allow the recovery of all costs of litigation, including an award of a reasonable attorney's fee as part of those costs, to the prevailing party. A party prevails "when it obtains a 'material alteration of the legal relationship of the parties.'" *Hyperquest, Inc. v. N'Site Solutions, Inc.*, 632 F.3d 377, 387 (7th Cir. 2011) (quoting *Riviera Distributors, Inc. v. Jones*, 517 F.3d 926, 928 (7th Cir. 2008)). "Defendants who defeat a copyright infringement action are entitled to a strong presumption in favor of a grant of fees." *Hyperquest*, 632 F.3d at 387.

The United States Supreme Court noted that in determining whether to exercise its discretion to award costs and fees in a copyright case, district courts should look to a number of nonexclusive factors including: (1) the frivolousness of the action; (2) the losing party's motivation for filing or contesting the action; (3) the objective unreasonableness of the action; and (4) the need to "advance considerations of compensation and deterrence." *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 535 n.19 (1994).

### III.  DISCUSSION

Mr. Lantz asserts that he should be awarded his attorney's fees and costs under 17 U.S.C. § 505 because he is the prevailing party and each factor noted in *Fogerty* suggests that such an award is appropriate in this case.

**A.      The *Fogerty* Factors**

When the court considers whether to exercise its statutory discretion to award costs and fees under 17 U.S.C. § 505, the court should consider the frivolousness of the action, the losing party's motivation for filing or contesting the action, the objective unreasonableness of the action, and the need to "advance considerations of compensation and deterrence." *Fogerty*, 510 U.S. at 535 n.19.  The Court now considers each of these factors in turn.

**1.      The frivolousness of the action.**

In this case, Mr. Bell brought claims for copyright infringement and conversion.  The Court previously ruled that Mr. Bell's state law conversion claim was preempted by the Copyright Act and therefore was legally baseless.  (Filing No. 163, 164, 165.)  Regarding Mr. Bell's copyright infringement claim, Mr. Bell had no evidence to support his claim against Mr. Lantz, leading Mr. Bell to move for a voluntary dismissal with prejudice on his own accord.  At no point in this litigation did Mr. Bell possess evidence to prove a conversion or copyright claim against Mr. Lantz. Thus, the Court determines that this factor weighs in favor of awarding attorney's fees and costs.

**2.      The losing party's motivation for filing or contesting the action.**

When looking to Mr. Bell's motivation for filing this action, the Court finds that Mr. Bell's motivation is questionable.  Mr. Bell has filed a multiplicity of suits in this Court, each involving the same or similar infringement allegations.  In many of these copyright infringement suits, Mr. Bell has improperly joined several defendants, thereby saving him extensive filing fees. In this

case alone, Mr. Bell sued forty-seven defendants and then quickly offered settlements to defendants who were unwilling to pay for a legal defense. In some of Mr. Bell's lawsuits, the district court determined that the improperly joined defendants should be severed, and severance was granted. Further, in this case, Mr. Bell lacked any evidentiary support for his claims against Mr. Lantz. The Court is persuaded by Mr. Lantz's argument that the motivation of Mr. Bell in filing this action appears to be an attempt to extract quick, small settlements from many defendants instead of using the judicial process to protect his copyright against legitimate infringing actors. This factor weighs in favor of awarding attorney's fees and costs to Mr. Lantz.

      **3.    The objective unreasonableness of the action.**

As noted above, Mr. Bell had no evidence to support his allegations of copyright infringement against Mr. Lantz, yet he still filed suit alleging the unsupported claim. It is unreasonable to file suit without any evidence to support the claims. Filing this action caused an undue waste of the parties' and the Court's resources. This factor also weighs in favor of awarding attorney's fees and costs.

      **4.    The need to "advance considerations of compensation and deterrence."**

Under the circumstances of this case, awarding Mr. Lantz his attorney's fees and costs will advance the considerations of compensation and deterrence. The Seventh Circuit explained that a defendant is entitled to a "very strong" presumption in favor of being awarded attorney's fees in order to make certain that a copyright defendant does not disregard a meritorious defense in situations in which "the cost of vindication exceeds the private benefit to the party." *Assessment Techs. of Wi, LLC v. Wire Data, Inc.*, 361 F.3d 434, 437 (7th Cir. 2004).

In this case, Mr. Lantz took a stand against a plaintiff who was using his knowledge and status as a practicing attorney to file meritless suits and to attempt to outmaneuver the legal system.

Consistent with the purposes of the Copyright Act and its provision regarding an award to prevailing parties, and to advance considerations of compensation and deterrence, awarding Mr. Lantz his attorney's fees and costs is appropriate.

**B.     Mr. Bell's Opposition**

Mr. Bell opposes Mr. Lantz's Motion, asserting: (1) Mr. Lantz failed to notify Mr. Bell that he had sued the wrong defendant when Mr. Lantz was served with the Complaint; (2) discovery and Mr. Lantz's counsel's deposition showed that the billing rate for Mr. Overhauser should have been $250.00 per hour and not $410.00 per hour; and (3) Mr. Lantz failed to mitigate his legal fees.

First, Mr. Bell argues that Mr. Lantz should have notified him that he had sued the wrong defendant when Mr. Lantz was served with the Complaint. Mr. Bell alleges that Mr. Lantz instead waited twenty-two months into the litigation, and as a result of compelled discovery, finally revealed that he had not published the Indianapolis Photo. However, Mr. Lantz denied all allegations of infringement when he filed his Answer to Mr. Bell's Complaint less than two months after the initiation of this action. This argument of Mr. Bell is unavailing.

Next, Mr. Bell argues that the billing rate was exaggerated and unreasonable according to documents produced in discovery and the deposition of Mr. Overhauser. This argument, too, is unavailing. First, Mr. Bell failed to designate any exhibits that support his assertion that Mr. Overhauser's rate was $250.00 per hour. He did not submit to the Court any of the documents produced in discovery that allegedly support his position. The exhibits designated for the Court's review support Mr. Lantz's attorney's fee request in regard to Mr. Overhauser's rates and the amount of time spent on the case. Mr. Overhauser's deposition testimony also supports Mr.

Lantz's fee request. Given the nature of this litigation, Mr. Overhauser's years of experience, and the documents provided to the Court, the Court determines that the fees requested are reasonable.

Finally, Mr. Bell asserts that Mr. Lantz failed to mitigate his attorney's fees. This argument is based on Mr. Bell's meritless argument that Mr. Lantz did not deny liability until twenty-two months into the litigation. In reality, Mr. Lantz denied liability at his first opportunity—in his Answer. Mr. Lantz "laid low" throughout the litigation, thereby reducing the expense of the litigation. Mr. Lantz's fees increased as his counsel was required to respond to Mr. Bell's filings. While defense counsel is not required to determine and take the most economical defense strategy in defending against a lawsuit; it appears that Mr. Lantz may have taken the most economical approach feasible in this action.

## IV.  CONCLUSION

For the foregoing reasons, Mr. Lantz's Motion for Costs and Attorney's Fees (Filing No. 210) and Motion for Leave to Supplement Motion for Costs and Attorney's Fees (Filing No. 226) are **GRANTED**. Mr. Lantz is awarded his attorney's fees and costs in the amount of $33,974.65 against Mr. Bell.

**SO ORDERED.**

Date: 6/8/2015

DISTRIBUTION:

Richard N. Bell
BELL LAW FIRM
richbell@comcast.net

Paul B. Overhauser
OVERHAUSER LAW OFFICES, LLC
poverhauser@overhauser.com

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana