UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RICHARD N. BELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) No. 1:13-cv-0035-TWP-DKL |
| CHARLES LANTZ, | ) |
| | ) |
| Defendant/Judgment Creditor. | ) |
| | ) |
| JPMORGAN CHASE BANK N.A., | ) |
| | ) |
| Garnishee Defendant. | ) |

**Entry on** *Motion to Quash Subpoenas Served on Freedom Mortgage; Mortgage Electronic and Wells Fargo Advisors* **[dkt. #258] and** *Second Motion to Quash October 7, 2015 Subpoena Served on Mortgage Electronic* **[dkt. #263]**

Richard N. Bell moves to quash subpoenas served by Charles Lantz on Freedom Mortgage Corporation, Mortgage Electronic Registration Systems, Inc. and Wells Fargo Advisors, LLC.  He also moves to quash a second subpoena served by Lantz on Mortgage Electronic and seeks sanctions against Lantz for an alleged failure to follow Federal Rule of Civil Procedure 45.  Lantz opposes the motions and requests for sanctions.  These matters were referred to the undersigned for ruling.  For the reasons that follow, the Court finds that the motions and requests should be denied.

*Background*

On September 18, 2015, Lantz emailed Bell copies of subpoenas duces tecum to Freedom Mortgage Corporation, Mortgage Electronic Registration Systems, Inc., and Wells Fargo Advisors, LLC, seeking documents regarding Bell's assets.  The subpoenas to Freedom Mortgage and Mortgage Electronic command the production of "All (a) appraisals; (b) closing statements and (c) other documents evidencing each recipient of a payment, or the amount of any payment in connection with the following loan or mortgage transactions[.]"  [Dkt. ## 258-1, 258-2.]  The subpoena to Wells Fargo commands production of "All statements issued by you between September 30, 2014 and October 5, 2015 for any accounts held by you that are owned in whole or in part by Richard N. Bell[.]" [Dkt. # 258-3.]  Lantz apparently had an incorrect mailing address for Mortgage Electronic and the subpoena was returned to him with the notation "return to sender, not deliverable as addressed."  [Dkt. # 264-2.]  As a result, on October 7, 2015, Lantz re-served the subpoena on Mortgage Electronnic at its address on record with the Secretary of State.  Notice and a copy of the second subpoena were not served on Bell in advance of service on Mortgage Electronic.  Lantz asserts that he relied on Bell's deposition testimony that Mortgage Electronic was located in Fishers, Indiana.

Bell states that the documents held by Freedom Mortgage and Mortgage Electronic relate to a Mortgage and subsequent refinancing of the personal residence jointly owned by Richard N. and Diane S. Bell, husband and wife, tenants by the entireties.  He asserts that the document request invades his privacy and that of his wife, who has no obligation

to Lantz. Bell also asserts that the only asset held by Wells Fargo is a qualified IRA, which is confidential, privileged or other protected matter, and exempt from execution. In addition, he argues that the second subpoena to Mortgage Electronic should be quashed for Lantz's failure to provide notice and service to Bell before serving the subpoena on the nonparty.

*Analysis*

Under Rule 69(a) of the Federal Rules of Civil Procedure, a "judgment creditor … may obtain discovery from any person … as provided in these rules or by the procedure of the state where the court is located." Fed. R. Civ. P. 69(a); *see Republic of Arg. v. NML Capital, Ltd.*, 134 S. Ct. 2250, 2254 (2014). The Federal Rules provide for liberal discovery: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Indiana law similarly allows a judgment creditor to discover "any matter, not privileged, which is relevant to the subject-matter involved in the pending action." Ind. R. Trial P. 26(B), 69(E).

The post-judgment discovery rules permit "a judgment creditor to obtain information so that he may find out about assets on which execution can issue or about assets that have been fraudulently transferred or are otherwise beyond the reach of execution." *Nat'l Union Fire Ins. Co. v. Van Waeyenberghe*, 148 F.R.D. 256, 256-57 (N.D. Ind. 1993) (quotation omitted). The scope of discovery is not unlimited and "must be kept pertinent to the goal of discovering concealed assets of the judgment debtor and not be allowed to become a means of harassment of the debtor or third persons." *Itochu Int'l,*

*Inc. v. Devon Robotics, LLC*, 303 F.R.D. 229, 232 (E.D. Pa. 2014) (quoting *Caisson Corp. v. Cnty. W. Bldg. Corp.*, 62 F.R.D. 331, 334 (E.D. Pa. 1974)).

Rule 45 provides for discovery directed at nonparties. Under the Rule, "[i]f the subpoena commands the production of documents … then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party." Fed. R. Civ. P. 45(a)(4). The person commanded to produce documents may serve a written objection to the subpoena. Fed. R. Civ. P. 45(d)(2)(B). The court may quash a subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver applies[.]" Fed. R. Civ. P. 45(d)(3)(A)(iii). Generally a party lacks standing to move to quash a subpoena served on a third party, but an exception exists when the party "claims some personal right or privilege in respect to the subject matter of a subpoena duces tecum directed to a nonparty." *Itochu Int'l*, 303 F.R.D. at 232 (quotation omitted). A party has standing to challenge third-party subpoenas seeking the party's financial records. *See id.*

Bell first argues that Lantz violated the procedures in Rule 45 by serving the third party subpoenas after Bell responded with a written objection. Bell urges the Court to sanction Lantz for violating the rule. The Court finds that Lantz did not violate Rule 45 by serving the original subpoenas on the third parties despite Bell's objection. Thus, sanctions would not be warranted. However, Lantz did not serve notice and a copy of the second subpoena on Mortgage Electronic on Bell before serving the subpoena on the third party, which technically violated Rule 45(a)(4). Yet the subpoena was served on the

4

same third-party, only at a different address, and requests production of the same documents sought in the original subpoena. Bell was informed of the subpoena and was able to move to quash the subpoena before time for compliance ran. The technical violation of Rule 45(a)(4) did not harm Bell; under the circumstances, no sanctions are warranted for this oversight.

Bell argues that in Indiana property held as a tenant by the entireties is exempt from execution of judgment by a creditor who holds a judgment against one spouse individually. Thus, he maintains, there is no justification for obtaining any documents from Freedom Mortgage and Mortgage Electronic. While it is true that an interest that a judgment debtor has in property held as a tenant by the entireties is not subject to execution, *see* Ind. Code § 34-55-10-2(c)(5), that does not mean that information about such an interest is not discoverable in proceedings to enforce a judgment. *See, e.g.*, *Itochu Int'l*, 303 F.R.D. at 233 ("While it may ultimately be the case that these assets [that are the subject of the subpoenas] are not subject to *execution*, that does not mean that information about them is protected from *discovery*."); 12 Charles A. Wright, *et al.*, *Federal Practice and Procedure* § 3014 (Westlaw database updated Apr. 2015) ("The judgment creditor is allowed discovery to find out about assets on which execution can issue or about assets that have been fraudulently transferred or are otherwise beyond the reach of execution."). Courts allow a judgment creditor to discover information concerning joint assets and financial information of the judgment debtor and spouse. *See, e.g.*, *Andrews v. Raphaelson*, No. 5:09-CV-077-JBC, 2009 WL 1211136, at *3 (E.D. Ky. Apr. 30, 2009) ("In addition to

obtaining discovery from the judgment debtor concerning the judgment debtor's assets, the judgment creditor is also entitled to discover information concerning the judgment debtor's spouse."); *United States v. Cimino*, 219 F.R.D. 695, 696-97 (N.D. Fla. 2003) (requiring production of joint bank records of judgment debtor and spouse). The question of whether Lantz can execute on the property is for another day.

Although Bell argues that the documents are privileged, confidential, and "protected matters," he cites no authority to establish that they should be protected from discovery. The Court appreciates that the mortgage and related information could contain Diane S. Bell's financial information. But her interest in keeping such information private can be protected by the Protective Order.

Regarding the subpoena to Wells Fargo, Bell argues that his only asset held by Wells Fargo is a qualified individual retirement account that is not relevant and is confidential, privileged, protected, and exempt from execution. An interest in a retirement plan or fund is exempt from execution. Ind. Code § 34-55-10-2(c)(6). But again, whether the account is subject to collection is a question different from whether information about the asset is discoverable.

Bell submits that because the property is exempt, there is no reason for Lantz to obtain information about it and that its disclosure would invade his right to privacy. A judgment creditor may discovery information about assets. *See, e.g.*, 12 *Federal Practice and Procedure* § 3014 ("The judgment creditor is allowed discovery to find out about assets on which execution can issue or about assets that have been fraudulently transferred or

are otherwise beyond the reach of execution."). Bell has not established that the subpoena to Wells Fargo seeks non-relevant information or information entitled to a privilege or other protection from discovery. *Buchholtz v. Roger Benefit Group, Inc.*, No. 12-cv-2167-BEN (DHB), 2013 WL 1694830 (S.D. Cal. 2013), cited by Bell in support of his position that his retirement account information need not be produced, is not on point. Most significantly, the subpoena in *Buchholtz* did not order the production of a judgment debtor's financial and retirement account information and was not served as part of proceedings to execute a judgment. Thus *Buchholtz* is of no help to Bell's effort to quash the subpoenas in the instant case. Even if the requested documents are confidential and private, the Protective Order in this case permits third parties like Wells Fargo to designate documents as "Confidential."

Furthermore, the requested financial and IRA information is relevant as it relates to Bell's assets. Lantz believes that Bell is concealing assets. Although Lantz has offered no proof of concealment, he should be allowed to discover asset information in an effort to substantiate his suspicions and to discover information that may lead to the discovery of other assets subject to execution. Moreover, there has been no indication that the subpoenas were served to harass, embarrass, or annoy Bell or his wife. Whatever privacy Bell has in his IRA information must give way to Lantz's interest in discovering information about Bell's assets that may be subject to execution or have been fraudulently transferred in an effort to satisfy the judgment obtained against Bell.

*Conclusion*

For the foregoing reasons, Plaintiff's *Motion to Quash Subpoenas Served on Freedom Mortgage; Mortgage Electronic and Wells Fargo Advisors* [dkt. #258] and Plaintiff's *Second Motion to Quash October 7, 2015 Subpoena Served on Mortgage Electronic* [dkt. #263] are **DENIED** and Bell's requests for sanctions are also **DENIED**.

SO ORDERED this date:  10/30/2015

*Denise K. LaRue*
Denise K. LaRue
United States Magistrate Judge
Southern District of Indiana