UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| RICHARD N. BELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 1:13-cv-0035-TWP-DKL |
| | ) | |
| CHARLES LANTZ, | ) | |
| | ) | |
| Defendant. | ) | |

**Entry and Order on Plaintiff's Motion for Stay of Execution of Judgment Pending Appeal and for Approval of Amount and Form of Supersedeas Bond [dkt. 273]**

Plaintiff Richard N. Bell has filed a *Motion for Stay of Execution of Judgment Pending Appeal and for Approval of Amount and Form of Supersedeas Bond* [dkt. 273], seeking a stay of execution of the money judgment entered in this case pending resolution of his appeal. He seeks the Court's approval of the form and amount of a so-called supersedeas bond, attached to his motion as *Exhibit A*.

Defendant Charles Lantz opposes the motion, arguing that it should be denied without prejudice because *Exhibit A* is not a supersedeas bond. He asserts that no surety is identified and Bell's mere promise to pay lacks any assurance that Lantz will be made whole if Bell loses on appeal. Lantz also points out that Bell testified at the proceedings supplemental hearing just a few months ago that he lacks sufficient assets to satisfy the judgment against him.

Federal Rule of Civil Procedure 62 provides for a stay of execution of and proceedings to enforce a judgment. As a general rule, "in order to obtain a stay of

execution of judgment pending appeal pursuant to Fed. R. Civ. P. 62(d), the movant must post a supersedeas bond for the full amount of the judgment." *Loparex, LLC v. MPI Release Techs., LLC,* No. 1:09-CV-01411-JMS, 2013 WL 704450, at *3 (S.D. Ind. Feb. 26, 2013) (citing *BASF Corp. v. Old World Trading Co.,* 979 F.2d 615, 616 (7th Cir. 1992); *Olympia Equip. Leasing Co. v. W. Union Tel. Co.,* 786 F.2d 794, 796 (7th Cir. 1986)). Yet the district court "has the discretion to 'fashion some other arrangement for substitute security … *which would furnish equal protection to the judgment creditor.*'" *Loparex, LLC,* 2013 WL 704450, at *5 (quoting *Endress + Hauser, Inc. v. Hawk Measurement Sys. Pty.,* 932 F. Supp. 1147, 1150 (S.D. Ind. 1996)) (emphasis in original); *see also Olympia Equip. Leasing Co.,* 786 F.3d at 797 (district courts may allow alternative security to be posted).

Plaintiff argues that a stay is a matter of right, citing *United States v. Wylie*, 703 F.2d 1401, 1402 n.2 (11th Cir. 1984). But the automatic stay to which *Wylie* referred was the brief stay under Rule 62(a) following entry of judgment. *Id.* ("Fed. R. Civ. P. 62(a) provides for an automatic ten-day stay as against any execution upon a judgment or enforcement proceeding."). Plaintiff seeks to stay execution of the $33,974.65 attorney's fees and costs awarded to Lantz and against him on June 8, 2015. The 14-day automatic stay on execution of that award provided in current Fed. R. Civ. P. 62(a) has long passed.

And although the posting of a supersedeas bond entitles the movant to a stay of execution pending appeal, *Olympia Equip. Leasing Co.,* 786 F.3d at 796, Defendant Lantz is right: *Exhibit A* attached to Plaintiff's motion is not a supersedeas bond as contemplated by Fed. R. Civ. P. 62(d). The so-called supersedeas bond is merely a promise by Bell. There is nothing in the document to protect Lantz from loss resulting from the stay, or to

ensure payment if Bell fails to follow through on his promise. *See Fed. Prescription Serv., Inc. v. Am. Pharm. Ass'n*, 636 F.2d 755, 760 (D.C. Cir. 1980) ("The purpose of the supersedeas bond is to secure the appellee from loss resulting from the stay of execution. … [A] full supersedeas bond should be the requirement … where there is some reasonable likelihood of the judgment debtor's inability or unwillingness to satisfy the judgment in full upon ultimate disposition of the case[.]"). Bell has claimed that he has insufficient assets to satisfy the judgment. He has not posted a supersedeas bond, which would entitle him to a stay of execution pending appeal. Thus, a supersedeas bond or some alternative security will be required for Bell to obtain a stay of execution.

Plaintiff has proposed an alternative form of security: "Bell shall promptly deposit cash of $35,000, an amount which exceeds 103% of the judgment as security for the [s]tay." [*Pl.'s Reply Def.'s Opp'n Mot. Stay Execution*, dkt. 275 at 1.] The Court agrees that depositing $35,000 with the Clerk would provide Lantz with adequate security during the appeal. *See, e.g., Olympia Equip. Leasing Co.*, 786 F.2d at 796.

Accordingly, Plaintiff's *Motion for Stay of Execution of Judgment Pending Appeal and for Approval of Amount and Form of Supersedeas Bond* [dkt. 273] is **DENIED WITHOUT PREJUDICE**. If Bell still wishes to seek a stay of execution and enforcement of judgment pending appeal, he may file a new motion for stay of execution of judgment accompanied by either (1) a $35,000 deposit with the Clerk of the Court, or (2) a proper supersedeas bond.

**So Entered:**  12/14/2015

*Denise K. LaRue*
Denise K. LaRue
United States Magistrate Judge
Southern District of Indiana

Electronic Distribution to All Counsel of Record